**WO**                                                                                              JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Phipps,                              ) | No. CV 05-1532-PHX-NVW (JRI) |
|                                            ) | |
| Plaintiff,         ) | **ORDER** |
|                                            ) | |
| vs.                                        ) | |
|                                            ) | |
| Maricopa County Sheriff's Office, et al.,  ) | |
|                                            ) | |
| Defendants.        ) | |
|                                            ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the Lower Buckeye Jail in Phoenix, Arizona. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. An initial partial filing fee of $2.16 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 of Court.

2     Plaintiff will be obligated for monthly payments of 20 percent of the preceding
3 month's income credited to Plaintiff's trust account. The Court will direct the appropriate
4 agency to collect these monthly payments, which will be forwarded to the Clerk of Court
5 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
6 28 U.S.C. § 1915(b)(2).

7     Plaintiff should take notice that if he is released before the filing fee is paid in full, he
8 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
9 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
10 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
11 he is unable to pay the remainder of the filing fee.

12 **B.**    **Statutory Screening of Prisoner Complaints**

13     The Court is required to screen complaints brought by prisoners seeking relief against
14 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
15 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
16 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
17 may be granted, or that seek monetary relief from a defendant who is immune from such
18 relief. 28 U.S.C. § 1915A(b)(1), (2).

19 **C.**    **Claims and/or Parties to be Served and/or Dismissed**

20     *1. Service*

21     Plaintiff sues the Maricopa County Sheriff's Office, Maricopa County Board of
22 Supervisors, Maricopa County Sheriff, and a Maricopa County Jail Commander. In his
23 Complaint Plaintiff alleges that the jail is severely overcrowded and his physical safety is in
24 jeopardy. These allegations adequately state a claim, and the Court will require an answer
25 to the Complaint.

26     *2. Dismissal*

27     **a. Maricopa County Sheriff's Office**

28     The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the

1 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
2 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
3 creation of the county sheriff to allow him to carry out his statutory duties, and not a
4 "person" amenable to suit pursuant to § 1983. The Maricopa County Sheriff's Office will
5 be dismissed from this action as an improper Defendant.

**b. Count II and III**

In Count II, Plaintiff alleges that there is not enough space for exercise. In Count III, Plaintiff contends that the overcrowding causes numerous fights. These claims are not distinct from the overcrowding claim set forth in Count I. Accordingly, Count II and III will be dismissed without prejudice because they are duplicative.

**D.     Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The Maricopa County Sheriff or his designee shall collect from Plaintiff's trust account an initial partial filing fee in the amount of $2.16 and shall forward the amount to the Clerk of Court. Said payment shall be clearly identified by the name and number assigned to this action.

(2) The Maricopa County Sheriff or his designee shall collect the filing fee from Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust account and forwarding the payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the

name and number assigned to this action.

(3) The following Defendants are dismissed without prejudice: Maricopa County Sheriff's Office.

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants Maricopa Board of Supervisors, Sheriff Joe Arpaio, and the Lower Buckeye Road Jail Commander.[2]

(5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rule of Civil Procedure.

(7) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) and 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) and 4(j)(2) of the Federal Rules of Civil

---

[2] Pursuant to Rule 25(d)(2) of the Federal Rules of Civil Procedure, a public officer may be described by the official's title rather than by name, but the Court may require the name to be added. Plaintiff must include the name of the Lower Buckeye Jail Commander in the service packet.

1 Procedure;

2 (b) Within 10 days after personal service is effected, file the return of service for
3 the Defendant, along with evidence of the attempt to secure a waiver of service of the
4 summons and of the costs subsequently incurred in effecting service upon the
5 Defendant. The costs of service shall be enumerated on the return of service form
6 (USM-285) and shall include the costs incurred by the Marshal for photocopying
7 additional copies of the Summons, Complaint, or this Order and for preparing new
8 process receipt and return forms (USM-285), if required. Costs of service will be
9 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
10 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

11 (9) **A Defendant who agrees to waive service of the Summons and Complaint**
12 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

13 (10) Defendants shall answer the Complaint or otherwise respond by appropriate
14 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
15 Rules of Civil Procedure.

16 (11) Any answer or responsive pleading shall state the specific Defendant(s) by name
17 on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other
18 motion or paper that does not identify the specific Defendant(s) by name on whose behalf
19 it is filed.

20 (12) Plaintiff shall serve upon Defendants, or if appearance has been entered by
21 counsel, upon counsel, a copy of every further pleading or other document submitted for
22 consideration by the Court. Plaintiff shall include with the original document and copy, to
23 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
24 the pleading or document was mailed to Defendants or counsel. Any paper received by a
25 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
26 may be disregarded by the Court.

27 (13) At all times during the pendency of this action, Plaintiff shall immediately advise
28 the Court and the United States Marshal of any change of address and its effective date.

1  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
2  contain only information pertaining to the change of address and its effective date.  Plaintiff
3  shall serve a copy of the notice on all opposing parties. The notice shall not include any
4  motions for any other relief. Failure to file a Notice of Change of Address may result in the
5  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
6  of Civil Procedure.

7  (14) A clear, legible copy of every pleading or other document filed shall accompany
8  each original pleading or other document filed with the Clerk for use by the District Judge
9  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
10 may result in the pleading or document being stricken without further notice to Plaintiff.

11 (15) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rule 72.1
12 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

13 DATED this 25th day of October, 2005.

_____
Neil V. Wake
United States District Judge